**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| STEPHEN HOLZMAN, *on behalf of himself and all others similarly situated,* )<br>)<br>)<br>Plaintiff, )<br>)<br>) Case No. _____<br>v. )<br>)<br>MALCOLM S. GERALD & ASSOCIATES, INC. )<br>and LVNV FUNDING, LLC, ) **Class Action Complaint**<br>) **Jury Trial Demanded**<br>)<br>Defendants. )<br>_____ ) | |

**NATURE OF ACTION**

1.  Plaintiff Stephen Holzman ("Plaintiff") brings this putative class action against Defendant Malcolm S. Gerald & Associates, Inc. ("MG&A") and Defendant LVNV Funding, LLC ("LVNV") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, on behalf of himself and all others similarly situated.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1367(a).

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. "The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

6. The FDCPA creates a broad prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

7. It also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

8. Whether a collection letter violates the FDCPA is assessed under the least sophisticated consumer standard. "The law was not 'made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous . . . ." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010); *see also Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

9. "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) (quoting *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014)).

10. The Third and Eighth Circuits have "held only that an attempt to collect a time-barred debt is not a thinly veiled threat to sue." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) (citing *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3d Cir. 2011) and *Freyermuth v. Credit Bureau Servs.*, Inc., 248 F.3d 767, 771 (8th Cir. 2001)).

11. However, in *Huertas* and *Freyermuth*, "neither case, most pertinently, featured a letter offering a 'settlement.'" *Buchanan*, 776 F.3d at 400.

12. The Seventh Circuit addressed a letter offering a settlement and held:

The fact that both [debt collection] letters contained an offer of settlement makes things worse, not better, since a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount. That is why those offers only reinforced the misleading impression that the debt was legally enforceable.

*McMahon*, 744 F.3d at 1021.

13. The recipients of a letter offering a debt settlement "would believe that if they did not immediately accept the offer, they would face legal proceedings where the full amount would be demanded. The risk here is similar: a settlement offer on a time-barred debt implies that the creditor could successfully sue on the debt." *Id.* at 1022.

14. A debt settlement offer with "respect to a time-barred debt may falsely imply that payment could be compelled through litigation. Formal and informal dictionaries alike contain a definition of 'settle' that refers to concluding a lawsuit." *Buchanan*, 776 F.3d at 399.

15. "If unsophisticated consumers believe either that the settlement offer is their chance to avoid court proceedings where they would be defenseless, or if they believe that the debt is legally enforceable at all, they have been misled, and the debt collector has violated the FDCPA." *Id.*

## FLORIDA CONSUMER COLLECTIONS PROTECTION ACT

16. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st Dist. App. 2007) (quoting *Harris v. Beneficial Finance Company of Jacksonville,* 338 So.2d 196, 200-201 (Fla. 1976)).

17. "The FCCPA is to be construed in a manner that is protective of the consumer." *Id.* With this in mind, the FCCPA is meant to be read, "in *addition* to the requirements and regulations of the federal act [the FDCPA].  In the event of any inconsistency between any provision of this part and any provision of the federal act, *the provision which is more protective of the consumer or debtor shall prevail*." Fla. Stat. § 559.552 (emphasis added).

18. The FCCPA provides that, "[i]n collecting consumer debts, no person shall . . . Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

19. "To establish a violation under the Florida Consumer Collections Practices Act, Florida Statute Section 559.72(9), it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Pollock v. Bay Area Credit Serv.*, LLC, 08-61101-CIV, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009).

20. In addition to actual and statutory damages, the FCCPA also provides for punitive damages.  "It clearly appears to have been the intent of the Legislature to provide a remedy for a class of injury where damages are difficult to prove and at the same time provide a penalty to dissuade parties . . . from engaging in collection practices which may have been heretofore

tolerated industry wide." *Laughlin*, 969 So. 2d at 513 (quoting *Harris v. Beneficial Finance Company of Jacksonville,* 338 So.2d 196, 200 (Fla. 1976)).

## PARTIES

21. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Palm Beach, and City of Wellington.

22. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

23. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card debt (the "Debt").

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

25. Defendant MG&A is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

26. MG&A uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

27. MG&A is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

28. Defendant LVNV is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

29. LVNV purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

30. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.77(6)

**FACTUAL ALLEGATIONS**

31. Plaintiff's Debt had a charge off date of July 31, 2007.

32. Following the Debt's charge off date, LVNV acquired the Debt.

33. LVNV retained MG&A to collect Plaintiff's Debt on its behalf.

34. In connection with the collection of the Debt, MG&A sent Plaintiff a written letter dated April 24, 2015.

35. A true and accurate copy of the April 24, 2015 letter to Plaintiff is attached to this complaint as Exhibit A.

36. The April 24, 2015 letter was MG&A's initial communication with respect to the debt.

37. The April 24, 2015 letter asserted the current balance owed on the Debt to be $869.51.  Exhibit A.

38. The April 24, 2015 letter stated that: "Malcolm S. Gerald and Associates wants to help you resolve your delinquent account with LVNV Funding, LLC."  Exhibit A.

39. The April 24, 2015 letter offered to accept a single payment of $260.85 for Plaintiff to resolve the $869.51 balance, a 70% discount on the balance due.  Exhibit A.

40. In its April 24, 2015 letter, MG&A warned Plaintiff that it was "not obligated to renew this offer."  Exhibit A.

41. Defendant listed the charge off date of July 31, 2007 in its April 24, 2015 letter to Plaintiff. *See* Exhibit A.

42. Therefore, Defendant knew that Plaintiff's Debt was outside the statute of limitations and could no longer be collected through legal enforcement.

43. Defendant failed to advise Plaintiff in the April 24, 2015 letter that the Debt was outside the applicable statute of limitations period. *See* Exhibit A.

44. Defendant further failed to advise that if Plaintiff made a partial payment on the Debt, it would renew the statute of limitations on the entirety of the Debt owed. *See* Exhibit A.

## CLASS ALLEGATIONS

45. Plaintiff repeats and re-alleges all factual allegations above.

46. The April 24, 2015 letter is based on a form or template (the "Template").

47. Defendant has used the Template to send collection notices to at least forty individuals in the State of Florida within the one year prior to the filing of this complaint.

48. Upon information and belief, Defendants routinely sends collection letters which attempt to collect on time-barred debts without disclosing to the individual that the debt is past the statute of limitations.

49. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All persons located in the State of Florida to whom Defendant, within one year before the date of this complaint and in connection with the collection of a debt, sent a letter based on the Template to collect on a debt where the charge off date preceded the date of the letter by more than five years.

50. The proposed class specifically excludes the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges

7

of the United States Court of Appeals for the Eleventh Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

51. The class is averred to be so numerous that joinder of members is impracticable.

52. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

53. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

54. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

55. The claims of Plaintiff are typical of the claims of the class he seeks to represent.

56. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

57. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

58. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

59. Plaintiff is willing and prepared to serve this Court and the proposed class.

60. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

61. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

62. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

63. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

64. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

65.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

66.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e
## MG&A

67.     Plaintiff repeats and re-alleges each and every factual allegation above.

68.     The FDCPA forbids the use of false, deceptive, or misleading representations or means in connection with the collection of a debt.  15 U.S.C. § 1692e.

69.     MG&A violated § 1692e in its April 24, 2015 letter because the least sophisticated consumer could be misled to believe that there would be legal consequences to not paying the Debt when, in fact, this was not true because the debt was barred by the statute of limitations.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that MG&A violated 15 U.S.C. § 1692e with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff statutory damages as the court may allow, but not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f
## MG&A

70. Plaintiff repeats and re-alleges each and every factual allegation above.

71. The FDCPA forbids the use of unfair or unconscionable means to collect, or attempt to collect, a debt.  15 U.S.C. § 1692f.

72. MG&A violated § 1692f by using a settlement offer and the implicit threat of litigation in the April 24, 2015 letter to induce Plaintiff to make a payment on the debt and, if a partial payment was made, to renew the statute of limitations for the entire debt owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that MG&A violated 15 U.S.C. § 1692f with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff statutory damages as the court may allow, but not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692e
### LVNV

73.  Plaintiff repeats and re-alleges each and every factual allegation above.

74. MG&A violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

75. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MG&A — the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that LVNV violated 15 U.S.C. § 1692e with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff statutory damages as the court may allow, but not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f
## LVNV

76.     Plaintiff repeats and re-alleges each and every factual allegation above.

77.     MG&A violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the Debt.

78.     LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MG&A — the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

   b) Adjudging that LVNV violated 15 U.S.C. § 1692e with respect to Plaintiff and the class he seeks to represent;

   c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff statutory damages as the court may allow, but not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

   e) Awarding all other class members such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

   f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF FLA. STAT. § 559.72(9)
### MG&A

79. Plaintiff repeats and re-alleges each and every factual allegation above.

80. The FCCPA forbids a debt collector from asserting the existence of a legal right when it knows that the right does not exist. Fla. Stat. Ann. § 559.72(9).

81. MG&A violated Fla. Stat. § 559.72(9) in its April 24, 2015 letter by asserting the existence of a legal right when, in fact, the Debt was outside the statute of limitations and no longer legally enforceable.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that MG&A violated Fla. Stat. § 559.72(9) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff statutory damages pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

d) Awarding all other class members such amount as the court may allow, not to exceed the lesser of $500,000 or one percent of the Defendants' net worth, with no individual class member being awarded statutory damages in excess of $1,000, pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to Fla. Stat. § 559.77(2);

f) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining MG&A from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

h) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

i) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF FLA. STAT. § 559.72(9)
## LVNV

82. Plaintiff repeats and re-alleges each and every factual allegation above.

83. MG&A violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right when, in fact, it was outside the statute of limitations.

84. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MG&A — the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that LVNV violated Fla. Stat. § 559.72(9) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff statutory damages pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

d) Awarding all other class members such amount as the court may allow, not to exceed the lesser of $500,000 or one percent of the Defendants' net worth, with no individual class member being awarded statutory damages in excess of $1,000, pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to Fla. Stat. § 559.77(2);

f) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining LVNV from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

h) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

i) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

85. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 22, 2016.                                Respectfully submitted,

 /s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com