**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

STEPHEN HOLZMAN, *on behalf of himself*    )
 *and all others similarly situated,*         )
                                        )
         Plaintiff,               )
                                        )     Case No. 9:16-cv-80643-RLR
v.                                 )
                                        )
MALCOLM S. GERALD & ASSOCIATES, INC.  )
and LVNV FUNDING, LLC,          )
                                        )
         Defendants.          )
_____ )

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF
CLASS REPRESENTATIVE AND CLASS COUNSEL**

Plaintiff Stephen Holzman ("Plaintiff") hereby moves the Court under Fed. R. Civ. P. 23(c)(1) for an order certifying this action against Defendants Malcom S. Gerald & Associates, Inc. and LVNV Funding, LLC (collectively, "Defendants") as a class action, certifying Plaintiff as the representative of the class, and appointing Weisberg Consumer Law Group, PA as class counsel.  In support of his motion, Plaintiff respectfully states the following:

**I.      Preliminary Statement**

Plaintiff seeks to represent a class of no fewer than 40 consumers to whom Defendants sent a collection letter which Plaintiff alleged violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*  Specifically, Plaintiff seeks to represent a class consisting of:

> All consumers in the state of Florida to whom Defendants sent a letter based on the same form as the letter attached as Exhibit A to Plaintiff's complaint in the year prior to the filing of the original complaint.

Rule 23 mandates that district courts must determine by order "[a]t an early practicably time . . . whether to certify the action as a class action."  Fed. R. Civ. P. 23(c)(1)(A).

## II.      Standard of Review

Rule 23 governs and sets the standard for class certification.  In accordance with Rule 23, " '[a] class action may be maintained' if two conditions are met: The suit must satisfy the criteria set forth in subdivision (a) (*i.e.*, numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b)." *Shady Grove Orthopedic. Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398, 130 S. Ct. 1431, 1438 (2010).  The Court "has broad discretion in deciding whether to certify a class." *Bailey v. Rocky Mountain Holdings, LLC*, 309 F.R.D. 675, 678 (S.D. Fl. 2015) (citing *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992)).  While "a court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim,' Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Connecticut Ret. Plans and Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013) (internal citation removed).  "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S. Ct. 2140, 2153, 40 L. Ed. 2d 732 (1974).  "Rule 23 is liberally construed in order to meet its objectives." *Walco Invs. v. Thenen*, 168 F.R.D. 315, 323 (S.D. Fl. 1996).

## III.     Relevant Facts and Procedural History

Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2). Doc. 1 at ¶ 24.  Plaintiff allegedly owes a debt to someone other than Defendants (the "Debt"). *Id.*

at ¶ 23.  Defendant Malcom S. Gerald & Associates ("MGA") is an entity who at all relevant times was engaged in the business of attempting the Debt from Plaintiff as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).  *Id.* at ¶ 25.  Additionally, Defendant LVNV Funding, LLC ("LVNV") is an entity who acquires debt in default for collection purposes, and at all relevant times was engage in the business of attempting to collect the Debt from Plaintiff.  *Id.* at ¶ 28.  Accordingly, Plaintiff alleges that Defendants are both a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).  *Id.* at ¶¶ 25-30.

Plaintiff's alleged creditor charged off the Debt on July 31, 2007.  *See* Doc. 1-4.  On or after the Debt's charge off date, LVNV acquired the Debt and retained MGA to collect the Debt on its behalf.  Doc. 1 at ¶ 33; Doc. 1-4.  On April 24, 2015, MGA sent a letter to Plaintiff regarding the Debt ("the Letter").  Doc. 1-4.  The Letter states that "Malcolm S. Gerald and Associates wants to help you resolve your delinquent account with LVNV Funding, LLC."  *Id.*  The Letter offered to accept a single payment of $260.85 for Plaintiff to resolve the $869.51 balance, which constituted a 70% discount on the balance due.  *Id.*  The Letter also listed the Debt's charge off date.  *Id.*  The Letter did not advise Plaintiff that the Debt was outside the applicable statute of limitations period and that any partial payment on the Debt would renew the statute of limitations on the entirety of the Debt.  *Id.*

On April 22, 2016, Plaintiff brought a putative class action complaint against Defendants, alleging violations of the FDCPA and FCCPA on behalf of himself and all other individuals who received a letter that was substantially similar or materially identical to the Letter.  Doc. 1.  Specifically, Plaintiff alleges that Defendants violated: (1) 15 U.S.C. § 1692e—for using false, deceptive, or misleading representations or means in connection with the collection of a debt; (2) 15 U.S.C. § 1692f—MGA violated it by using a settlement offer and an implicit threat of litigation

3

in the Letter to induce a payment on the Debt from Plaintiff, and, if a partial payment was made, to renew the statute of limitations on the entire Debt, and LVNV violated it by retaining MGA to collect on its behalf thereby making it liability for MGA's conduct by virtue of its status as a debt collector; and (3) Fla. Stat. § 559.72(9)—for asserting the existence of a legal right in the Letter when the Debt was outside the statute of limitations and no longer legally enforceable.

## IV.    **Rule 23 Requirements**

"For a district court to certify a class action, the named plaintiff must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1265 (11th Cir. 2009) (quoting *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004)) (internal footnote omitted).

### A.    **Rule 23(a)**

Under Rule 23(a), the moving party must show "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  These four requirements, "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interest of the class members will be fairly and adequately

protected in their absence." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

### B.      Rule 23(b)(3)

Under Rule 23(b)(3), a class may be certified if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "This inquiry 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.' " *Rink v. Cheminova, Inc.*, 203 F.R.D. 648, 666 (M.D. Fl. 2001) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623, 117 S. Ct. 2231, 2249, 138 L. Ed. 2d 689 (1997)). "The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.*

Rule 23(b)'s predominance standard is more stringent than its commonality requirement. *Amchem*, 521 U.S. at 623-24, 117 S. Ct. at 2250, 138 L. Ed. 2d 689 ("Even if Rule 23(a)'s commonality requirement may be satisfied by [member class's] shared experience, the predominance criterion is far more demanding." (alterations added)). Rule 23(a)'s predominance

requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 623, 117 S. Ct. at 2249, 138 L. Ed. 2d 689.

## V.        The proposed class meets the criteria of Rule 23(a) and Rule 23(b)(3).

The proposed class that Plaintiff seeks satisfies Rule 23(a) and Rule 23(b)(3)'s standards. These standards are easily met because this case involves the use of a common business practice and standard template that gives rise to identical claims under the FDCPA and FCCPA for all class members. Accordingly, the Court should grant Plaintiff's motion and issue an order appointing him as class representative of a class consisting of all consumers in the state of Florida to whom Defendant sent a letter based on the same form as the letter attached as Exhibit A to Plaintiff's complaint in the year prior to the filing of the original complaint. Additionally, the Court should appoint Plaintiffs' counsel as class counsel in this matter.

### A.        Numerosity

Numerosity is easily satisfied. The class of individuals Plaintiff seeks to represent is so numerous that joinder of all members is impracticable. "While there is no magic number of putative class members necessary to satisfy the numerosity standard, the Eleventh Circuit has indicated that more than forty class plaintiffs is generally enough to satisfy the rule." *Colomar v. Mercy Hospital, Inc.*, 242 F.R.D. 671, 675 (S.D. Fl. 2007); *see also Kuehn v. Cadle Co., Inc.*, 245 F.R.D. 545, 548 (M.D. Fl. 2007) ("Although mere numbers are not dispositive, the Eleventh Circuit's general rule is that 'less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.' " (quoting *Silva-Arriaga v. Texas Exp., Inx.*, 222 F.R.D. 684, 688 (M.D. Fla. 2004)).

When considering a motion for class certification, district courts "may 'make common sense assumptions in order to find support for numerosity.' " *Hively v. Northlake Foods, Inc.*, 191

F.R.D. 661, 666 (M.D. Fl. 2000) (quoting *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983)); *see also Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 699 (M.D. Fl. 2000) ("The Court is given discretion to make assumptions when determining the numerosity of a class").  Accordingly, "[e]stimates as to the size of the proposed class are sufficient for a class action to proceed." *Id.* (citing *In re Alcoholic Beverages Litigation,* 95 F.R.D. 321, 324 (E.D.N.Y. 1982)).  Additionally, "[p]laintiffs must show some evidence of or reasonably estimate the number of class members." *Hall v. National Recovery Systems, Inc.,* No. 96-132-CIV-T-17(C), 1996 WL 467512, at *2 (M.D. Fl. 1996).  Where a debt collector is a large corporation and the violation of the FDCPA itself is computer generated, then Rule 23(a)'s numerosity requirement is satisified. *See Morris v. Risk Mgmt. Alternatives, Inc.,* 203 F.R.D. 336, 342-43 (N.D. Ill. 2001) ("While a numerosity inference may not be warranted in every case where defendant is a large corporation that uses computers, taken in a context, such as here, where a plaintiff alleges violations of the FDCPA for double-reporting debts to credit agencies, and the double-reporting is alleged to be *the result of* a computer conversion, the fact that defendant is a large corporation and the double-reporting was allegedly computer-generated warrants an inference of numerosity." (emphasis in original)).

LVNV "purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers." LVNV Funding Company Overview, www.lvnvfunding.com (last visited Aug. 3, 2016).  LVNV then outsources the debt collection activities to a third party, in this case, MGA.  MGA has approximately 175 debt collectors at their Chicago office location and 60 debt collectors at their Pakistan office location, totaling to 235 people working on debt collection activity for MGA. Malcom   S.   Gerald   and   Associates,   Inc.—Staffing,   Capabilities   &   EOE,

http://www.msgerald.com/staffing.php (last visited Aug. 3, 2016).  Numerosity is easily satisfied

because LVNV and MGA are large business entities whose businesses are mainly comprised of

debt collection activities.

Additionally, it is clear that the Letter was generated by a computer through a standardized

form because it was sent by a letter vendor.  This is evident from the Letter itself.  Located in the

upper left corner of the Letter is an address that is not own by either MGA or LVNV with a bar

code that when scanned reads "10998328":



Doc 1-4.  Additionally, on the bottom left of the Letter, there is a QR Code that when scanned

reads "00278923002546010280":



*Id.*  The Letter also lists "112654-R51A-5089" on the bottom right.  *See id.*

All of these are typical indicators that the Letter was generated and mailed by a letter

vendor.  These letter vendors will use standardized forms that have barcodes and QR codes on the

top and/or bottom of the forms similar to the Letter to make the process of printing and sending a

large volume of letters on behalf of others more efficient.  *See id*

Consequently, while discovery has not yet been conducted, the Court may make a common sense estimate that the numerosity element is satisfied where Defendants are both large business entities focused on debt collection, the Letter incorporated barcodes and QR codes typical of standardized forms, and Defendants likely used a letter vendor that created the Letter by ways of a standardized form generated by a computer.  Furthermore, this case is a clear evolution of LVNV's previous settlement offer strategy it used in other form letters, however, instead of using the word "settle," Defendants are now using the word "resolve."  *Compare McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014), *with* Doc. 1-4.  It is reasonable to conclude that Defendant has similarly employed the use of the Letter and letters based upon its template with respect to hundreds or thousands of individuals.  Accordingly, numerosity has been met.

### B.      Commonality and Typicality

Rule 23(a)(2)'s commonality "requires 'that there be at least one issue whose resolution will affect all or a significant number of the putative class members.' " *Williams v. Mohawk Industries, Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009).  " 'The test for typicality, like commonality, is not demanding.' Neither typicality nor commonality requires that all putative class members share identical claims, and both may be satisfied even if some factual differences exist between the claims of the representative and represented parties." *In re Checking Account Overdraft Litigation*, 307 F.R.D. 630, 642 (S.D. Fl. 2015) (quoting *In re Disposable Contact Lens Antitrust Litig.*, 170 F.R.D. 524, 532 (M.D. Fla. 1996)).  "Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory." *Id.* (quoting *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994)).  "[B]oth requirements [of Rule 23(a)'s commonality and typicality] focus on whether a sufficient nexus exists between the legal claims of the named class representatives and those of individual class members to warrant class

certification." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1269 (11th Cir. 2000) (alterations added).

In regards to the FDCPA, if "[b]y definition, the class contains only individuals who share a common question of law, i.e., whether the "Notice[s] identical to that attached to Plaintiffs' Complaint" violate the FDCPA" then "[e]ach class member's claim will rise or fall with the resolution of that common contention; therefore, the commonality requirement is met." *Walker v. Greenspoon Marder, P.A.*, No. 13-CV-14487, 2015 WL 233472, at *3 (S.D. Fl. Jan. 5, 2015). Further, where "the class is defined to include individuals who, like Plaintiffs, received a form notice . . . . This nexus is sufficient to render Plaintiff's FDCPA claim typical of the FDCPA claims of the class. Plaintiffs have satisfied the typicality requirement." *Id.*

Plaintiff's putative class claims arise from the mailing of a letter likely to be a standardized collection letter, the commonality and typicality elements are easily met. Common questions of law and fact arise out of the mailing of the Letter to Plaintiff and other members of the putative class, and they include:

- Whether Defendants are debt collectors under the FDCPA and FCCPA;

- Whether the act of mailing the Letter constitutes an attempt to collect a debt under the FDCPA and FCCPA;

- Whether stating that "Malcom S. Gerald and Associates wants to help you resolve your delinquent account with LVNV Funding, LLC," offering to accept a single payment to "resolve" the Debt's whole balance, and stating that MGA was "not obligated to renew this offer" violated  15 U.S.C. § 1692e for misleading the least sophisticated consumer into believing that there would be legal consequences to not paying the Debt when the Debt was barred by the statute of limitations;

- Whether MGA using a settlement offer and the implicit threat of litigation in the Letter to induce payment on the Debt and, if a partial payment was made, to renew the statute of limitations for the entire debt owed violated 15 U.S.C. § 1692f;

- Whether MGA's statements in the Letter, and the failure to advise Plaintiff within the Letter that the Debt was outside the statute of limitations despite knowing this to be true

violated Fla. Stat. § 559.72(9) for asserting the existence of a legal right that is no longer legally enforceable; and

- Whether by retaining MGA to collect the Debt on its behalf and by virtue of its status as a "debt collector" under the FDCPA, LVNV is liable for MGA's conduct and violated 15 U.S.C. §§ 1692e and 1692f and Fla. Stat. § 559.72(9).

As already shown, it is clear that the class will contain only individuals that share common questions of law. The class is defined to only include individuals that received the Letter or a letter based upon the Letter's template. Thus, there is a substantial and significant nexus between Plaintiff and class members to render the FDCPA and FCCPA claims typical. Accordingly, the requirements of commonality and typicality have been satisfied.

### C.    Adequacy

Rule 23(a)(4) establishes that "the representative parties will fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a). "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 156 (1982) (quoting *East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977)). "There are two separate inquiries under this section: (1) whether there are any substantial conflicts of interest between the named representatives of the class and the class members; and (2) whether the representatives will adequately prosecute the action." *Rosario-Guerrro v. Orange Blossom Harvesting, Inc.*, 265 F.R.D. 619, 628 (M.D. Fl. 2010) (*Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008)). Class certification is inappropriate where there exists substantial conflicts of interest. *Lorenzo-Zamorano v. Overlook Harvesting Co., LLC,* No. 2:10-cv-657-FtM-29DNF, 2011 WL 4101540, at *8 (M.D. Fl. Aug. 9, 2011). "Minor conflicts alone will not defeat class certification, the conflict must be 'fundamental' to the specific issues in the case." *Id.* (quoting *Amchem Products, Inc.*, 521 U.S. at 626, n.20, 117 S. Ct. 2231, 2251, n.20, 138 L. Ed. 2d 689).

Plaintiff is a consumer from whom MGA was attempting to collect a debt on behalf of LVNV. Consequently, Plaintiff's position is identical to those individuals he seeks to represent. Plaintiff does not have any conflicts of interests between himself and the other members of the class. In fact, Defendants cannot establish any such conflicts of interest existing. Further, Plaintiff's statutory claims are worth the same as each of the class members' statutory claims. Additionally, Plaintiff has retained competent counsel that has experience in class actions. *See Dove v. Moody, Jones, Ingino & Morehead, PA*, No. 3:15-cv-00251 (M.D. Fla. April 18, 2016) (approving class settlement of EFTA action and certifying Alex Weisberg as Class Counsel); *Luis Rodriguez v. Hayt, Hayt & Landau P.L.*, Case No. 1:12-cv-23848 (S.D Fla. Sept. 18, 2013) (approving class settlement and certifying Alex Weisberg as Class Counsel in FDCPA action involving collection letter); *see also Dianne Little-King, et al. v. Hayt, Hayt & Landau, LLC, et al.*, No. 2:11-cv-05621-MAH (D.N.J. Nov. 8, 2012), Document 39 at 1 of 5 ("appointing . . . Weisberg & Meyers, LLC, as Settlement Class Counsel"); *Tammie Powell, et al. v. ProCollect, Inc., et al*, Case 3:11-cv-00846-M (N.D. Tex. July 18, 2012), Document 31 at 1 of 7 ("appointing Weisberg & Meyers, LLC, to serve as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g)"). Consequently, both Plaintiff and his counsel will adequately prosecute the action.

### D.      Predominance and Superiority

Predominance is satisfied for many of the same reasons that commonality and typicality are satisfied. "[I]n general, predominance is met when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class members' individual position." *Allapattah Servs. v. Exxon Corp.*, 333 F.3d 1248, 1260-61 (11th Cir. 2003) (quoting *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 262 (D.D.C. 2002)). Here, "the main issue in dispute in this case is whether form letters sent to Plaintiff and all other class members

violate the FDCPA and FCCPA, common issues predominate." *Sharf v. Fin. Asset Resolution, LLC*, 295 F.R.D. 664, 671 (S.D. Fl. 2014). Accordingly, predominance is satisfied because the question of whether Defendants sent a letter to a particular class member based on the same form or template of the Letter will determine whether such class member has been aggrieved under the FDCPA and the FCCPA by Defendants in the same way.

Superiority is also satisfied. "The vehicle of the class action was intended to 'vindicat[e] . . . the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Karhu v. Vital Pharms., Inc.*, 621 Fed. Appx. 945, 951 (11th Cir. 2015) (Martin, J., concurring) (quoting *Amchem Prods.*, 521 U.S. at 617, 117 S. Ct. at 2247, 138 L. Ed. 2d 689). Rule 23 establishes the relevant factors of superiority as:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

The FDCPA contemplates the use of class actions to resolve cases and controversies arising under it. *See* 15 U.S.C. § 1692k(a)(2)(B). Here, both the FDCPA and the FCCPA limit statutory damages up to $1,000.00 for individual members' claims. *See* 15 U.S.C. § 1692k(a)(2)(A) (The FDCPA provides a prevailing consumer with statutory damages "as the court may allow, but not exceeding $1,000 . . ."); Fla. Stat. § 559.77(2) ("Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff."). However, even this amount

is not guaranteed.  So while it is possible for members to bring individual actions, the likelihood for most of them in doing so is extremely low given the lack of financial incentive compared to the time and costs required to bring this type of litigation.

A consumer is also entitled to actual damages sustained as a result of debt collector's failure to comply with the FDCPA.  *See* 15 U.S.C. § 1692k(a)(2)(A).  Although it is possible that a class member had made actual payment in response to the Letter and that Defendants may have unique individual defenses to damages for some class members, this in itself does not defeat certification.  *See Bd. Of Trs. Of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 269 F.R.D. 340, 346 (S.D.N.Y. 2010) ("That some class members may be subject to a unique defense that is inapplicable to other class members does not undermine a conclusion that common issues predominate.  '[A]lthough "a defense may arise and may affect different class members different, [this occurrence] does not compel a finding that individual issues predominate over common ones."  So "long as a sufficient constellation of common issues binds class members together, variations in the sources and application of a defense will not automatically foreclose class certification." ' " (alterations in original) (internal citations omitted)).

In this case, there will be no need to inquire about whether the class member was misled by one particular phrase or another, because the tendency of a letter to be misleading is determined by looking at the letter as a whole.  *See Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 566 (D. Minn. 2003) ("The Act forbids collection practices that are false, deceptive or misleading.  Thus, the correspondence taken as a whole must be clear and not misleading or confusing." (internal citations omitted)); *Garner v. Kansas,* No. 98-1274, 1999 WL 262100, at *4 (E.D. La. 1999) ("The true test remains whether the letter, taken as a whole, would confuse an unsophisticated consumer about his or her rights."  (internal citation omitted)).  If payment was made by any of the class members, which Defendants' business records would reveal, then the mailing of the Letter will be prima facie evidence for a jury to find that the class member's

payment resulted from the mailing of the misleading letter. *See Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) ("Section 1962e prohibits 'false, deceptive, or misleading' behavior, including using 'false representation or deceptive means to collect or attempt to collect any debt.' Whether a particular communication is false or deceptive is a question for the jury." (internal citations omitted)).

Consequently, there is generalized evidence—the Letter—that will prove or disprove Defendants' liability under the FDCPA and FCCPA on a class-wide basis, as well as damages with respect to those who made payment. Those who were actually deceived by Defendants into making payment are unlikely to have any interest in prosecuting their action individually, since they are unlikely to even be aware of their rights having been violated in the first place. Concentrating the litigation in this forum is desirable, because there is a claim under the FCCPA. Managing a class action is unlikely to present any difficulties in this case, where Defendants possess the names and addresses of each class member to whom they mailed a letter based on the Template, and will have a record of whether they received payment from the class member following the receipt of the letter.

Accordingly, the predominance and superiority requirement of Rule 23(b) are satisfied.

**VI.    Conclusion.**

This case is well suited for class treatment. It is based on the use of a standardized letter to send collection notices to a large number of individuals, each of whom have a small incentive to pursue the violations against them on an individual basis. Therefore, the class meets the Rule 23(a) requirements of numerosity, commonality, typicality and adequacy. Further, the cause of action for each member is based on identical conduct of Defendants. Thus, the class also meets the Rule 23(b)(3) requirements of predominance and superiority. Accordingly, the Court should grant Plaintiff's motion and issue an order appointing him as class representative of a class consisting of

all consumers in the state of Florida to whom Defendant sent a letter based on the same form as the letter attached as Exhibit A to Plaintiff's complaint in the year prior to the filing of the original complaint.  Additionally, the Court should appoint Plaintiff's counsel as class counsel, who has substantial experience in this area of the law.


Dated: August 15, 2016.

                    Respectfully submitted,

                    /s/ Alex D. Weisberg
                    ALEX D. WEISBERG
                    FBN: 0566551
                    Weisberg Consumer Law Group, PA
                    Attorney for Plaintiff
                    5846 S. Flamingo Rd, Ste. 290
                    Cooper City, FL 33330
                    (954) 212-2184
                    (866) 577-0963 fax
                    aweisberg@afclaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 15, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system giving notice and serving a true and correct copy of the forgoing upon Defendants, by and through their counsel of record:

DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
cmchale@gsgfirm.com

Counsel for Defendants

/s/ David McDevitt
David McDevitt