UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-80643-Smith/Matthewman

Stephen Holzman,

    Plaintiff,

v.

Malcom S. Gerald Associates, Inc., and
LVNV Funding, LLC,

    Defendants.

_____/



# ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY RESPONSES [DE 64]

## I. Introduction

**THIS CAUSE** is before the Court on Plaintiff Stephen Holzman's Amended Motion to Compel Discovery Responses [DE 64]. Fact discovery in this case closed on September 23, 2019 per DE 45, which is the same date that Plaintiff filed his Amended Motion to Compel [DE 64]. Defendants Malcom S. Gerald Associates, Inc. ("MGA") and LVNV Funding, LLC ("LVNV") have filed a Response [DE 66], Plaintiff has filed a Reply [DE 67], Defendants filed a Joint Discovery Notice [DE 74], and Plaintiff filed a Supplement to the Joint Notice [DE 75].

In light of the fast-approaching substantive motion deadline of October 21, 2019, the Court set a hearing on the pending motion for October 15, 2019. However, when the parties requested a two-week continuance of that hearing, the Court entered an October 14, 2019 Order [DE 76] cancelling the scheduled discovery hearing and advising the parties that it would rule on the pending motion without a hearing. Accordingly, the motion is ripe for review.

## II. The Pending Discovery Motion

The Court is very disappointed Plaintiff waited until the very last day of fact discovery to file his Amended Motion to Compel [DE 64]. This was obviously due to the lengthy discovery bickering between counsel. Parties and their counsel are expected to cooperate in the discovery process and, in this case, it appears that cooperation has been lacking—at least until the very last minute when some attempted discovery cooperation occurred after the Court ordered the parties to personally meet and confer and file a joint notice of their conferral efforts. Defendants did file a Joint Notice [DE 74] and Plaintiff did file a Supplement to the Joint Notice [DE 76], but both notices were poorly drafted, confusing, and inconsistent. It is clear to the Court that the parties ignored discovery until the last minute and then put the burden on the Court to resolve their last-minute dispute.

Plaintiff's Amended Motion to Compel [DE 64] seeks discovery from each Defendant in the form of better interrogatory answers, request for production responses, and answers to requests for admissions. Upon careful review of the entire docket, Plaintiff's Amended Motion to Compel [DE 64], Defendants' Response [DE 66], Plaintiff's Reply [DE 67], Defendants' Joint Notice [DE 74], and Plaintiff's Supplement to the Joint Notice [DE 75], the Court disposes of this discovery dispute below as to each Defendant.

## III. Discovery Served on Defendant MGA

Plaintiff propounded Requests for Admissions ("RFAs"), Requests for Production ("RFPs"), and Interrogatories to Defendant MGA. The Court addresses each category of discovery requests below:

## A. RFAs served on Defendant MGA

The parties have been somewhat successful in confusing the Court as to which of Plaintiff's RFAs served on Defendant MGA remain at issue. Defendants' Joint Notice [DE 74] states that RFAs 2, 30, and 31 remain in dispute [DE 74, p. 2, ¶ 11]. However, Plaintiff's Supplement to Joint Notice [DE 75] states that he did not move to compel Defendant MGA to respond to RFAs 2, 30, and 31 [DE 75, p. 2, ¶ 15]; rather he moved to compel Defendant MGA to respond only to RFAs 19 and 22 [DE 75, p. 1, ¶ 15]. Therefore, the Court will not address RFAs 2, 30, and 31. The Court will only rule on RFAs 19 and 22, as follows:

As to RFA 19 [DE 64-1, p. 4, ¶ 19], which requests that Defendant MGA respond that LVNV approved Defendant MGA's use of the Template, Plaintiff's Amended Motion to Compel [DE 64] is **GRANTED** and Defendant MGA is ordered to amend its response on or before October 18, 2019. RFA 19 seeks relevant and proportional information under Fed. R. Civ. P. 26(b)(1).

As to RFA 22 [DE 64-1, p.5, ¶ 22], which requests that Defendant MGA respond that Defendant would not send a letter based on the Template to a consumer in the State of Florida if Defendant had a record that the consumer made a payment toward the debt, to Defendant or to any previous creditor, in the past five years, Plaintiff's Amended Motion to Compel [DE 64] is **GRANTED** and Defendant MGA is ordered to amend its response on or before October 18, 2019. RFA 22 seeks relevant and proportional information under Fed. R. Civ. P. 26(b)(1).

## B. RFPs served on Defendant MGA

The parties have also been somewhat successful in confusing the Court as to which RFPs served on Defendant MGA remain in dispute. Defendants' Joint Notice [DE 74] states that RFP 14 remains in dispute [DE 74, p.2, ¶ 11]. However, Plaintiff's Supplement to Joint Notice [DE 75],

states that he moved to compel Defendant MGA to respond to RFPs 9, 10, 13, 14, and 15 [DE 75, p. 1, ¶ 15(ii)] and the balance of Plaintiff's Supplement to Joint Notice suggests that RFPs 9, 10, 13, 14, and 15 remain in dispute. Therefore, the Court will address those RFPs.

As to RFPs 9 and 10 [DE 64-3, p. 4, ¶¶ 9, 10], which request documents relating to Plaintiff's account and a copy of the form or Template used to create the April 24, 2015 letter attached to Plaintiff's complaint, Plaintiff's Amended Motion to Compel is **GRANTED** and Defendant MGA is ordered to produce responsive documents to Plaintiff on or before October 18, 2019. RFPs 9 and 10 seek relevant and proportional documents under Fed. R. Civ. P. 26(b)(1).

As to RFPs 13 and 14, requesting net worth documents, Plaintiff's Amended Motion to Compel [DE 64] is **DENIED** at this time as the requests are currently premature and are not relevant or proportional under Fed. R. Civ. P. 26(b)(1) since Plaintiff's Amended Motion for Class Certification [DE 56] has not yet been granted. However, if Plaintiff's Amended Motion for Class Certification [DE 56] is granted, Defendant MGA shall produce its audited financial statements, including balance sheets, within seven (7) days of entry of the Order granting class certification.

As to RFP 15 [DE 64-3, p. 5, ¶ 15], which seeks documents evidencing the terms of Defendant MGA's acquisition by another corporate entity, Plaintiff's Amended Motion to Compel [DE 64] is **GRANTED IN PART** to the extent that Defendant MGA is ordered to produce documents reflecting the February, 2018 sale of control and shares of Defendant MGA to Glass Mountain Capital, LLC, on or before October 18, 2019 and **DENIED** in all other respects. The documents ordered produced by the Court are relevant and proportional under Fed. R. Civ. P. 26(b)(1).

### C. Interrogatories to Defendant MGA

Again, the parties' repeated lack of clarity as to which interrogatories are in dispute has been extremely frustrating to the Court. Defendants' Joint Notice [DE 74] states that interrogatories 3, 7, 10, 11, 12, 13, and 14 remain in dispute [DE 74, p. 2, ¶ 11]. However, Plaintiff's Supplement to Joint Notice [DE 75] states that interrogatories 5, 6, 15, and 16 remain in dispute [DE 75, p.2, ¶ 18] and that Defendant MGA must be compelled to respond to interrogatories 3, 7, 10, 11, 12, 13, and 14 because it waived its objections to those specific interrogatories since it did not respond to them until September 26, 2019—after Plaintiff filed his Amended Motion to Compel [DE 64]. Therefore, the Court will address interrogatories 3, 5, 6, 7, 10, 11, 12, 13, 14, 15, and 16.

First, the Court will not deem that Defendant MGA waived any objections to the interrogatories due to its late response. Defendant MGA states that the failure to timely respond resulted from an error in counsel's office and that the interrogatories were responded to on September 26, 2019 [DE 66, p. 2]. As Defendant MGA did not act in bad faith, the error was in counsel's office, and there is no prejudice to Plaintiff, the Court will not penalize Defendant MGA and deem its objections waived as such result would be unfair.

As to interrogatories 3, 5, 6, 7, 10, and 11 [DE 64-2, p. 5], Plaintiff's Amended Motion to Compel [DE 64] is **GRANTED** as those interrogatories seek relevant and proportional information under Fed. R. Civ. P. 26(b)(1). Defendant MGA is ordered to provide better and complete responses to those interrogatories on or before October 18, 2019.

As to interrogatories 12 and 13 [DE 64-2, p. 5], Plaintiff's Amended Motion to Compel [DE 64] is **DENIED** as the information sought in those interrogatories is neither relevant nor

proportional under Fed. R. Civ. P. 26(b)(1). The amount of money collected from potential class members is not relevant to liability or damages. Further, the interrogatories are overbroad and vague in part. Defendant MGA shall not have to respond further to interrogatories 12 and 13.

As to interrogatories 14 and 15 [DE 64-2, pp. 5-6], Plaintiff's Amended Motion to Compel [DE 64] is **DENIED** at this time as premature and not relevant or proportional under Fed. R. Civ. P. 26(b)(1) as Plaintiff's Amended Motion for Class Certification [DE 56] has not yet been granted. However, if Plaintiff's Amended Motion for Class Certification [DE 56] is granted, Defendant MGA shall respond to interrogatories 14 and 15 within seven (7) days of entry of the Order granting class certification.

As to interrogatory 16 [DE 64-2, p. 6], Plaintiff's Amended Motion to Compel [DE 64] is **GRANTED IN PART** to the extent that Defendant MGA is ordered to better respond so as to detail the February, 2018 sale of control and shares of Defendant MGA to Glass Mountain Capital, LLC, on or before October 18, 2019 and **DENIED** in all other respects.

### IV. Discovery Served on Defendant LVNV

Plaintiff propounded Requests for Admissions, Requests for Production, and Interrogatories to Defendant LVNV. The Court addresses each below:

#### A. RFAs Served on Defendant LVNV

The parties continue to provide confusing and conflicting information to the Court as to which requests for admissions sent by Plaintiff to Defendant LVNV remain in dispute. Defendants' Joint Notice [DE 74], states that RFAs 2, 14, 15, and 23 are in dispute [DE 74, p. 4]. However, Plaintiff's Supplement to Joint Notice [DE 75], states that Plaintiff did not move to compel Defendant LVNV to respond to RFAs 2, 14, and 15 [DE 75, pp. 2, 16]. And, Plaintiff says it moved

to compel Defendant LVNV to respond to RFAs 23, 25, 30, and 36 [DE 75, p. 1, ¶ 16(i)]. Therefore, the Court will address RFAs 23, 25, 30 and 36.

As to RFA 23 to LVNV [DE 64-4, p. 5, ¶ 23], which requests that Defendant LVNV respond as to whether, at the time the "Letter" was sent, it had the contractual right to review forms or templates that Defendant MGA used to send collection notices to consumers on its behalf, and RFA 25 [DE 64-4, p. 5, ¶ 25], which requests that Defendant LVNV respond as to whether it approved Defendant MGA's use of the Template, and RFA 30 [DE 64-4, p. 5, ¶ 30], which requests that Defendant LVNV respond as to its authorization procedure, Plaintiff's Amended Motion to Compel [DE 64] is **GRANTED** and Defendant LVNV is ordered to amend its responses to RFAs 23, 25, and 30 on or before October 18, 2019. Those RFAs seek relevant and proportional information under Fed. R. Civ. P. 26(b)(1).

As to RFA 36 to LVNV [DE 64-4, p. 5, ¶ 6], which requests net worth information, Plaintiff's Amended Motion to Compel is **DENIED** as the request is premature and not relevant or proportional under Fed. R. Civ. P. 26(b)(1) at this time since Plaintiff's Amended Motion for Class Certification [DE 56] has not yet been granted. However, if Plaintiff's Amended Motion for Class Certification [DE 56] is granted, Defendant LVNV shall respond to RFA 36 within seven (7) days of entry of the Order granting class certification.

### B. RFPs Served on Defendant LVNV

The confusion among the parties continues unabated when the Court reviews Defendants' Joint Notice, which states that only RFP 10 is in dispute [DE 74, p. 4], while Plaintiff's Supplement to Joint Notice [DE 75] seems to state that RFPs 4, 6, and 10 are in dispute [DE 75, p.1, ¶ 16(ii), and DE 75, p. 2, ¶ 9]. So, the Court must spend more time addressing RFPs 4, 6, and 10.

As to RFPs 4 and 6 [DE 64-6, p. 4, ¶¶ 4, 6], which request certain documents relating to Plaintiff's account, Plaintiff's Amended Motion to Compel [DE 64] is **GRANTED** and Defendant LVNV is ordered to produce responsive documents to RFPs 4 and 6 to Plaintiff on or before October 18, 2019. RFPs 4 and 6 seek relevant and proportional information under Fed. R. Civ. P. 26(b)(1).

As to RFP 10 [DE 64-6, p. 4, ¶ 10], which requests audited financial statements, Plaintiff's Amended Motion to Compel is **DENIED** as the request is premature and not relevant or proportional under Fed. R. Civ. P. 26(b)(1) at this time since Plaintiff's Amended Motion for Class Certification [DE 56] has not yet been granted. However, if Plaintiff's Amended Motion for Class Certification [DE 56] is granted, Defendant LVNV shall respond to RFP 10 within seven (7) days of entry of the Order granting class certification.

### C. Interrogatories Served on Defendant LVNV

And finally, true to form, Defendants' Joint Notice [DE 74] states that only interrogatories 11 and 12 to Defendant LVNV remain in dispute [DE 74, p. 4], while Plaintiff's Supplement to Joint Notice [DE 75] states that interrogatories 4 and 16 remain in dispute [DE 75, p.1, ¶ 16(iii), and DE 75, p. 2, ¶ 19]. Therefore, the Court must address interrogatories 4, 11, 12, and 16.

As to interrogatory 4 [DE 64-5, p. 5, ¶ 4], which requests the identity of the person(s) who created the template, Plaintiff's Amended Motion to Compel [DE 64] is **GRANTED**. The request seeks relevant and proportional information under Fed. R. Civ. P. 26(b)(1). Defendant LVNV shall respond to interrogatory 4 on or before October 18, 2019.

As to interrogatory 11 [DE 64-5, p. 5, ¶ 11], the interrogatory is vague and confusing. Plaintiff's Amended Motion to Compel [DE 64] as to interrogatory 11 is therefore **DENIED** and Defendant LVNV shall not have to further respond to interrogatory 11.

As to interrogatory 12 [DE 64-5, p. 5, ¶ 12], which requests Defendant's net worth, Plaintiff's Amended Motion to Compel [DE 64] is **DENIED** as the request is premature and not relevant or proportional under Fed. R. Civ. P. 26(b)(1) at this time since Plaintiff's Amended Motion for Class Certification [DE 56] has not yet been granted. However, if Plaintiff's Amended Motion for Class Certification [DE 56] is granted, Defendant LVNV shall respond to interrogatory 12 within seven (7) days of entry of the Order granting class certification.

As to interrogatory 16 [DE 64-5, p. 6, ¶ 16], Plaintiff's Amended Motion to Compel [DE 64] is **DENIED** as the information sought in interrogatory 16 is neither relevant nor proportional under Fed. R. Civ. P. 26(b)(1). The amount of money collected from consumers is not relevant to liability or damages. Further, the interrogatory is overbroad and vague in part. Defendant LVNV shall not have to respond further to interrogatory 16.

## V. Conclusion

The parties failed to cooperate during the discovery process in this case and brought this lengthy discovery dispute to the Court at the very last minute—on the cut-off date for fact discovery. When the Court attempted to set this matter down for a prompt discovery hearing to dispose of these discovery issues from the bench before the October 21, 2019 substantive motion deadline, not all the parties' counsel were available in a prompt manner. Therefore, this Court was forced to cancel the discovery hearing and rule on the parties' papers. However, the parties' papers are poorly drafted, confusing, and evidence a total lack of cooperation during the discovery

process. The Court has considered sanctioning counsel for both parties in this case, but will not do so at this time. However, counsel are advised that any recurrence shall be dealt with more sternly.

Finally, the Court has set a very quick due date, October 18, 2019, for the additional discovery that Defendants have been ordered to produce. This is for two reasons. First, the substantive motion deadline is October 21, 2019 and Plaintiff should promptly receive the discovery. Second, the parties' dilatory discovery conduct must end now.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of October, 2019.

WILLIAM MATTHEWMAN
United States Magistrate Judge